**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: June 18 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-31490 |
| | ) | |
| Michael J. Kreuz, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3052 |
| | ) | |
| Michael J. Kreuz, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Michael Fischer, CPA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION TO DISMISS**

This adversary proceeding is before the court on Defendant's Motion to Dismiss("Motion") brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7012(b), [Doc. # 6], and Plaintiff's response, [Doc. # 9]. The court held a hearing on the Motion at which counsel for Plaintiff appeared by telephone and counsel for Defendant appeared in person.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this

court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This matter is a core proceeding that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(O). For the reasons that follow, and for the reasons stated on the record at the hearing, Defendant's Motion will be granted.

## BACKGROUND[1]

In his complaint, Plaintiff seeks an award of actual and punitive damages pursuant to 11 U.S.C. §§ 524 and 105. [Doc. # 1, ¶ 10]. In support thereof, Plaintiff alleges in the complaint as follows. Plaintiff filed a Chapter 7 bankruptcy petition on April 11, 2013. [*Id.* at ¶ 2]. An unsecured debt in the amount of $3,475.00 that was owed to Defendant, a certified public accountant, was included in Plaintiff's bankruptcy schedules, and notice of the bankruptcy was sent to Plaintiff. [*Id.* at ¶¶ 3-5]. Plaintiff received a Chapter 7 discharge on July 31, 2013, and his debt owed to Defendant was discharged. [*Id.* at ¶ 9]. Plaintiff was the sole shareholder of Smith's Restaurant of Wauseon and is now the sole shareholder of Kreuzer's LLC. [*Id.* at ¶ 6]. Defendant filed a complaint in state court on February 19, 2014, against Smith's Restaurant of Wauseon, Inc., and Kreuzer's LLC. A copy of Defendant's state court complaint is an exhibit to Plaintiff's complaint in this case. [Doc. ## 1 and 2 (Exh. D)]. Defendant's state court complaint seeks to collect from either Smith's Restaurant of Wauseon, Inc. or Kreuzer's LLC a debt alleged to have been incurred by Smith's Restaurant of Wauseon, Inc., with an invoice to Smith's Restaurant of Wauseon, Inc. dated November 30, 2013, attached thereto as Exhibit A. Plaintiff/Debtor is not named as a defendant in the state court collection action, although Defendant's state court complaint also alleges that Plaintiff is the sole shareholder of both entities. Defendant's prayer for relief in the state court action seeks judgment from the entity defendants in the amount of $4,375.00. [*Id.* at ¶¶ 7 & 8]. Plaintiff alleges that Defendant's actions in filing the state court complaint constitute a violation under § 524 of the discharge injunction issued in the underlying Chapter 7 bankruptcy case. [*Id.* at ¶ 8].

## LAW AND ANALYSIS

Defendant's motion is brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6)

---

[1] Defendant has attached his affidavit as an exhibit to the Motion. However, as stated at the hearing, the court is disregarding the affidavit as it does not fall within the scope of materials that the court may consider when ruling on a Rule 12(b)(6) motion. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (stating that "a court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice").

2

motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

In this case, Plaintiff alleges a claim for damages resulting from Defendant's alleged violation of the discharge injunction by commencing a state court collection action against two entities of which Plaintiff is or was the sole shareholder/member. Once an order granting a discharge is entered, § 524(a) of the Bankruptcy Code gives rise to an injunction against "an act, to collect, recover or offset any such debt [discharged under § 727] as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). Creditors who have willfully violated the discharge injunction of § 524(a) are in contempt of the court that issued the discharge order. *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 749 (Bankr. N.D. Ohio 2007). However, the Sixth Circuit has made clear that there is no private right of action for a violation of the discharge injunction and that the traditional remedy for such a violation lies in contempt proceedings. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000). It further held that, while § 105(a) vests bankruptcy courts with statutory contempt powers, it does not authorize courts to create rights that are otherwise unavailable under applicable law and cannot be invoked to provide a remedy for violations of § 524. *Id.* at 423. Because Plaintiff asserts a private right of action for damages for violation of the discharge injunction, Defendant correctly argues that Plaintiff has failed to state a viable claim for relief.

Generally, the court would provide Plaintiff the opportunity to file an amended complaint in order to seek sanctions for contempt.[2] However, even accepting all factual allegations as true, Plaintiff's complaint fails to allege a violation of the discharge injunction that is plausible on its face. A Chapter 7

---

[2] Notwithstanding the fact that the traditional method of bringing such matters before the court is by motion, *see Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr. N.D. Ohio 2008) (citing cases), the court would not elevate form over substance where an adversary proceeding provides Defendant with more, not less, procedural protections than in a Rule 9014 contested matter brought by motion, *see id.* at 33. *But see Marshall v. PNC Bank, N.A. (In re Marshall)*, 491 B.R. 217, 233-35 (Bankr. S.D. Ohio 2012) (concluding that the plaintiff's claim for violation of the discharge injunction could not be asserted in the adversary proceeding and had to be brought by motion).

discharge operates as an injunction against the commencement of an action to collect a discharged debt "as a *personal liability of the debtor*." 11 U.S.C. § 524(a)(2) (emphasis added). Subject to certain exceptions not applicable in this case, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

The sole basis of the claimed violation of the discharge injunction in this case is Plaintiff's allegation that Defendant filed a complaint in state court seeking a judgment against entities Smith's Restaurant of Wauseon, Inc., and Kreuzer's LLC. The averment in the state court action that Plaintiff is the sole shareholder/member of both entity defendants does not constitute a violation of the discharge injunction in his bankruptcy case or constitute an effort to hold him personally liable for any debt. Rather, it is an effort to hold the other *entity* liable for the debt alleged to have been incurred by entity Smith's Restaurant of Wauseon, Inc. under some admittedly less than clearly articulated theory of successor liability. Although Plaintiff may be the sole shareholder or member of those entities, because the complaint does not allege any act by Defendant to collect a debt *as a personal liability of Plaintiff*, it fails to allege a violation of the discharge injunction that would be sanctionable in contempt. Plaintiff has not at this point alleged or identified any set of facts extant that would bring Defendant's state court collection action within the reach of a sanctionable contempt of the discharge injunction in Plaintiff's Chapter 7 case that is plausible on its face.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 6] be, and hereby is, **GRANTED.** The court will enter a separate order of dismissal in accordance with this Memorandum of Decision and Order.

###